UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-8212-BER

UNITED STATES OF AMERICA,

v.

JASON DOLAN,

Defendant.
_____/

FILED BY KJZ D.C.

Jun 6, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING GOVERNMENT'S *ORE TENUS* MOTION
## FOR PRETRIAL DETENTION

THIS MATTER is before the Court upon the Government's *ore tenus* motion to detain Defendant Jason Dolan ("Defendant") without bond pending trial in accordance with 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984. The Government moved for pre-trial detention of Defendant on the basis that he is a substantial or serious risk of flight or nonappearance and a danger to the community.[1] The Court held an in-court detention hearing on June 2, 2021, which continued on June 3, 2021.[2]

At the conclusion of the detention hearing, the Court orally denied the Government's request for to hold Defendant in pretrial detention, for the reasons stated on the record. This written

---

[1] At the outset of the detention hearing, the Government announced that it was seeking Defendant's pretrial detention on both risk of flight or nonappearance and dangerousness grounds. However, it became apparent during the course of the hearing that Defendant does not present a serious risk of flight or nonappearance, and the Government primarily focused its argument as to the dangerousness prong to support its pretrial detention request.

[2] Defendant requested to appear at his removal and detention hearing in-person from the courtroom rather than remotely. The Court granted that request. Further, in order to expeditiously and fairly address the pending matters in this district, the undersigned allowed CJA counsel Frederick Charles Hutchinson III, Esq., to remain on the case during these removal and detention proceedings so that he could be present with Defendant in the courtroom. The undersigned U.S. Magistrate Judge was present in the courtroom, while Defendant's out-of-state *pro hac vice* counsel, Michael T. van der Veen, Esq., FBI Special Agent Justin Spence, and the prosecutor, Mark Dispoto, Esq., all appeared remotely. Both Defendant and the Government were in agreement with this procedure.

1

Order now follows.

> I. **The Release of Defendant Dolan on Strict Release and Bond Conditions, and the Denial of the Government's Request for Pretrial Detention, Comports with the Bail Reform Act and Applicable Case Law, Including the Recent Decision of the D.C. Circuit in *U.S. v Munchel***

As stated on the record at the hearing, the Court has ordered Defendant released under the careful supervision of the U.S. Probation Office's Special Offender Unit (SPU) with very strict conditions, including but not limited to, Home Incarceration at his residence in Wellington, Florida, where he resides with his wife and 18-year-old daughter; GPS Location Monitoring; no contact with any Oath Keepers or anyone who participated or was involved in the January 6, 2021 attack on the U.S. Capitol; computer and electronic device monitoring to ensure that Defendant does not have or use any form of encrypted communications; no firearms in his possession or home; travel restrictions; surrender of his passport; compliance with all standard conditions of release; and a $100,000 personal surety bond co-signed by Defendant's wife and adult daughter.[3]

It must be noted at the outset that Defendant is a U.S. citizen and a resident of Palm Beach County, Florida; he is married with an adult child; he has no prior criminal convictions of any kind; he served in the U.S. Marines for 20 years where he attained the rank of Staff Sergeant and was Honorably Discharged upon retirement in 2014; he has the support of his family as his wife and adult daughter both agreed to co-sign the $100,000 personal surety bond and appeared in court on his behalf; and he recently had a hip replacement and has mobility issues. The U.S. Probation Office completed a Pretrial Services Report after interviewing Defendant and recommended his

---

[3] The Government previously notified the Court of its intent to appeal the undersigned's release Order to the Honorable Amit P. Mehta, U.S. District Judge in the U.S. District Court for the District of Columbia, and it requested a stay of this Court's release Order. The Court granted a stay in its discretion pursuant to S.D. Fla. L.R.4(a)(2) on June 4, 2021 [DE 13], thereby staying the release Order regarding Defendant until June 10, 2021 at 4:00 p.m.

release on conditions.

The Court is convinced, after carefully considering all the evidence, exhibits, testimony, information, proffers, and argument, that the release of Defendant on very stringent conditions, and denial of pretrial detention, is in full accord with the dictates of the Bail Reform Act and applicable case law, including a very recent decision of the District of Columbia Circuit Court of Appeals.

Specifically, in *U.S. v. Munchel*, 991 F.3d 1273, 1275 (D.C. Cir.), *judgment entered,* 844 F. App'x 373 (D.C. Cir. 2021), the U.S. Court of Appeals for the District of Columbia Circuit considered the consolidated appeals of two defendants, Eric Gavelek Munchel and Lisa Marie Eisenhart, who had been charged in relation to the same U.S. Capitol attack which occurred on January 6, 2021, and who were subsequently ordered held on pretrial detention on dangerousness grounds. The District of Columbia Court of Appeals remanded both pretrial detention orders. *Id.* at 1285. Upon remand, the Government withdrew its request for pretrial detention, and both defendants were ordered released by the U.S. District Court for the District of Columbia. *U.S. v. Munchel and Eisenhart*, 1:21-cr-118-RCL (D.D.C. Mar. 29, 2021), ECF No. 60. The very recent *Munchel* opinion, dealing with the issue of pretrial detention in two cases arising out of the same January 6, 2021 assault on the U.S. Capitol, provides further clear legal guidance to the Court and is fully supportive of this Court's decision to deny pretrial detention and order Defendant Dolan's pretrial release on stringent conditions.

In *U.S. v. Munchel, supra,* the Court of Appeals quoted *U.S. v. Salerno*, 481 U.S. 739, 755 (1987) for the following proposition: "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 991 F.3d at 1279. Importantly, the Court of

3

Appeals in *Munchel* opined that to order a defendant preventatively detained on dangerousness grounds, a court must identify "an articulable threat posed by the defendant to an individual or the community." *Id.* at 1290. Although the threat need not be of physical violence, "it must be clearly identified." *Id.* at 1293. In Defendant Dolan's case, the Government did not establish by clear and convincing evidence that he poses an articulable threat to an individual or the community; nor did the Government sufficiently establish a clearly identified threat posed by Defendant's release.

In sum, while the January 6, 2021 attack on the U.S. Capitol, in which Defendant allegedly participated along with scores of other individuals, was reprehensible, illegal, and traitorous to the United States of America and its democratic institutions, this Court must nonetheless resist the knee-jerk urge to detain, and instead must scrupulously follow the law set forth in the Bail Reform Act, 18 U.S.C. § 3142, applicable case law, and the principles of our U.S. Constitution. In doing so, it is very clear that the Government's effort to detain Defendant is without support and is thus due to be denied.

## II.     Defendant Dolan Successfully Rebutted the Statutory Rebuttable Presumption Which Applies in this Case

While the statutory rebuttable presumptions in 18 U.S.C. § 3142(e) do apply in this case[4], the Court finds that Defendant has successfully rebutted these presumptions. "Once the statutory presumptions are raised, the defendant carries the burden of production to come forward with evidence to rebut the presumptions." *U.S. v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990). But this "obligation to come forward with evidence does not shift to the defendant the

---

[4] The undersigned made a finding at the detention hearing that the statutory rebuttal presumptions under 18 U.S.C. § 3142(e)(3)(C) apply here. Defendant has been charged with an offense (felony destruction of property, in violation of 18 U.S.C. §§ 1361, 2) which is an offense listed in section 2332b(g)(5)(B) of title 18, U.S. Code, and for which a maximum term of imprisonment of 10 years or more is prescribed.

4

government's burden of persuasion." *Id.* (citing *U.S. v. King*, 849 F.2d 485, 488 (11th Cir. 1988)).

In a rebuttable presumption case, the defendant bears the burden of producing evidence to suggest that he is not dangerous and/or that he is not likely to flee if released. *Quartermaine*, 913 F.2d at 916 (quoting *U.S. v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985)). In presumption cases, "the presumption becomes evidence to be considered along with other evidence listed in the [Bail Reform] Act as indicative of risk of flight or danger to the community." *Quartermaine*, 913 F.2d at 916. Finally, the presumption of detention does not alter the defendant's underlying presumption of innocence. *See* 18 U.S.C. § 3142(j).

Because Defendant met his burden of production and successfully rebutted the statutory rebuttable presumptions, and because the Government failed to meet its burden of persuasion, the Court finds that Defendant's release is appropriate despite the existence of the statutory presumptions.

### III. Analysis of Bail Reform Act Statutory Factors

**A. Nature and Circumstances of the Offenses Charged**

Defendant is charged by way of a Fourth Superseding Indictment in case number 21-cr-28-APM in the U.S. District Court for the District of Columbia with the following four counts: conspiracy, in violation of 18 U.S.C. § 371 (Count 1); obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(2), 2 (Count 2); destruction of government property and aiding and abetting, in violation of 18 U.S.C. §§ 1361, 2 (Count 3); and knowingly entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count 4). If convicted, Defendant faces up to five years in prison for Count 1, up to 20 years in prison for Count 2, up to 10 years in prison for Count 3, and up to one year in prison

5

for Count 4.

While the charges against Defendant are very serious and involve participation along with scores of others in a horrific, wholly unjustified attack on our U.S. Capitol and upon our institutions of government, he is not alleged to have assaulted or attacked a U.S. Capitol police officer or any other person; he did not possess a firearm, Taser or any weapon while in the U.S. Capitol; he did not possess Zip ties or handcuffs; he is not alleged to be a leader of the Oath Keepers; and he appears to have been in the U.S. Capitol for approximately ten minutes. While he is charged with destruction of government property in Count 3, there was no proffer or evidence presented that Defendant himself actually destroyed any government property. Rather, it appears that, as to Count 3, he is charged under an aiding and abetting theory pursuant to 18 U.S.C. § 2.

Although the charges are very serious and strike at the foundations of our democracy, Defendant's personal involvement appears to be less egregious than many others who personally attacked law enforcement officers, personally damaged property, sought to locate and injure or kill members of Congress, or possessed weapons while in the U.S. Capitol. Accordingly, this first factor—the nature and circumstances of the offenses charged—is neutral as to Defendant's detention or release.

### B. Weight of the Evidence

The Court took judicial notice of the Fourth Superseding Indictment in 21-cr-28-APM in the U.S. District Court for the District of Columbia. The Court need not repeat those allegations here but has carefully reviewed the allegations, many of which were asserted by the Government, and discussed by the parties and the Court, during the lengthy detention hearing.

The Government's proffer also included the assertion that surveillance footage from the Comfort Inn in Arlington, Virginia, from January 7, 2021 at 8:55 a.m., shows Defendant and a co-

defendant pushing a luggage dolly through a hotel. The Government proffered that the luggage dolly appears to have rifle cases on it. While law enforcement believes that participants in the January 6, 2021 entry into the U.S. Capitol building used this hotel to store weaponry, law enforcement cannot be sure what was inside the containers on the dolly. Accordingly, this alleged fact provides little support for the Government's request that Defendant be detained.

The Government also alleges, but cannot currently prove, that the anonymous Oath Keeper who provided an interview to thegatewaypundit.com on May 24, 2021, was Defendant Dolan. During that interview, the anonymous individual acknowledged that the Government was going to arrest him, and he alleged that the deep state had intentionally released magnetic locks on the U.S. Capitol doors to allow the rioters inside on the day of the attack. While these comments are noted, the Government failed to meet its burden to show that these comments were, in fact, made by Defendant Dolan. The Court cannot simply assume this Defendant made those comments.

The Government further argued that Defendant had disposed of firearms and Oath Keepers gear in likely anticipation of his arrest and search of his home. The facts show that Defendant was recently arrested at his home located in Wellington, Florida. When law enforcement executed the lawfully acquired federal search warrant, they were unable to locate any firearms or any Oath Keepers clothing or memorabilia. Law enforcement interviewed several of Defendant's neighbors, many of whom reported that they had previously seen firearms in Defendant's residence. One individual stated that Defendant often carries a firearm outside of his home. Additionally, during a cursory search of Defendant's cell phone, law enforcement uncovered a photo of Defendant's wife holding an assault-style weapon. Law enforcement believes that Defendant intentionally removed all evidence of firearms and all evidence showing his affiliation with the Oath Keepers from his home to avoid detection by law enforcement. While this position of the Government is

7

certainly plausible, it is also plausible that Defendant decided to cease further involvement with the Oath Keepers and has sold his firearms or stored them elsewhere. In any event, the Government's proffer and argument does not establish a knowing or willful destruction of evidence or obstruction by Defendant.

In sum, the weight of the evidence as to the charges lodged against Defendant is substantial. Additionally, a grand jury has already made a finding of probable cause as to the charges lodged against Defendant. Therefore, while the Government failed to sufficiently establish or prove the entirety of its proffer, the weight of the evidence against Defendant is a factor in favor of detention.

### C. History and Characteristics of the Defendant

The Court takes judicial notice of the Pretrial Services Report, in which the assigned Pretrial Services Officer and the Supervisory Probation Officer recommended that Defendant be released on strict conditions.

Defendant was born in Jacksonville, Arkansas, on June 26, 1976. He graduated from Lawrence High School in Lawrence, New Jersey, and he earned an Associate's Degree from Hawaii Pacific University in 2003. He served in the U.S. Marine Corps for two decades, from August 1994 until August 2014. Defendant received an honorable discharge and reached the rank of Staff Sergeant. Defendant possesses a U.S. passport and has traveled to The Bahamas, Singapore, Iceland, England, Malaysia, Germany, and Indonesia, as well as additional countries.

Defendant's mother lives in Georgia, and his father is deceased. His two siblings live in Missouri and Arizona, respectively. Defendant has been married for approximately 19 years and has an 18-year-old daughter. He lives with his wife and daughter in Wellington, Florida, and has been associated with the same address for the past five years.

Defendant has been unemployed for the past one and a half years. He left his previous

employer—the Four Seasons Hotel in Palm Beach, Florida—to get hip replacement surgery, and he has been unable to find new employment. He receives military retirement pay and benefits. Defendant owns a truck, but he owes money on it. His wife drives an unencumbered sedan. Defendant does not have substantial net assets, and his income and expenses generally break even monthly.

Defendant is generally in good physical health, but he had a hip replacement surgery approximately 18 months ago and still suffers from pain and mobility issues. He also has some "gut problems." Defendant has no history of mental health treatment, substance abuse history, or substance abuse treatment. Defendant's history and characteristics favor his release on bond and other conditions.

### D. Defendant's Criminal History

Defendant has never been convicted of a crime. When he was 18 years old, he was arrested in New Jersey for possession of "a firearm" at school. However, despite the title of the crime charged, he was actually arrested for showing a pocketknife to his shop teacher. The charge was ultimately dismissed. Thereafter, when he was 23 years old, Defendant was arrested in Myrtle Beach, South Carolina, for assault and battery (high and aggravated nature). That arrest allegedly involved a bouncer tossing Defendant out of a bar, and the charge was ultimately withdrawn. Defendant's lack of any criminal convictions, along with his brief and ancient history of arrests, favor his release on bond and other conditions.

### IV. **Legal Standard**

The policy underlying the Bail Reform Act "is to permit release under the least restrictive condition compatible with assuring the future appearance of the defendant." *U.S. v. Price*, 773 F.2d 1526, 1527 (11th Cir. 1985) (per curiam). The policy underlying the Bail Reform Act "is to

permit release under the least restrictive condition compatible with assuring the future appearance of the defendant." *U.S. v. Price*, 773 F.2d 1526, 1527 (11th Cir. 1985) (per curiam). When the Government seeks to detain a criminal defendant pending trial based on his status as a flight risk, it must prove by a preponderance of the evidence that no condition or set of conditions will reasonably assure his presence at trial. *U.S. v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985). By contrast, when the Government seeks to detain a criminal defendant based on a contention that he is a danger to the community, it must show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. *Id.*

"Under the statutory scheme set forth in the Bail Reform Act, 'it is only a limited group of offenders who should be denied bail pending trial.'" *U.S. v. Enix*, 1:15-CR-00142 EAW, 2016 WL 3960905, at *2 (W.D.N.Y. Jul. 21, 2016) (quoting *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007)). *See also Munchel, supra*; *Salerno, supra*.

## V.     Discussion

### A. Likelihood of Defendant's Appearance if Released

As noted previously, the Court finds that the Defendant has successfully rebutted the statutory rebuttable presumption as to risk of flight or nonappearance in Court, and further, that the Government has failed to meet its burden of establishing Defendant's risk of flight or nonappearance in Court by a preponderance of the evidence. For the reasons orally stated on the record and for the reasons contained in this written Order, the Court finds that Defendant does not present a serious risk of flight or nonappearance in court if released on bond and other stringent conditions. The Court finds that there are conditions of release which will reasonably assure Defendant's presence when required at all court proceedings. Finally, the Court finds that the stringent combination of pretrial release conditions imposed by the Court will reasonably assure

Defendant's presence at all court proceedings if Defendant is released.

Defendant is a U.S. citizen who resides in Wellington, Florida. He has lived at the same residence with his wife and 18-year-old daughter for approximately five years. There is no indication that he was planning to flee even though he seemingly knew that law enforcement was coming to arrest him at some point. Defendant lacks the financial resources to flee, and he appears ready to face the charges lodged against him. His behavior in court was appropriate and respectful. Defendant is a U.S. citizen who served his country honorably for 20 years as a U.S. Marine. In sum, the Court finds that Defendant has rebutted the statutory presumption and that the Government has failed to show by a preponderance of evidence that Defendant is a risk of flight or nonappearance in court if released.

**B. Nature and Seriousness of the Danger to Any Person or the Community that would be posed by Defendant's Release**

As noted previously, the Court finds that Defendant has successfully rebutted the statutory presumption of dangerousness, and that the Government has failed to meet its burden as to dangerousness by clear and convincing evidence. The Government failed to establish that Defendant poses an articulable threat to an individual or the community and failed to sufficiently show a clearly identified threat posed by Defendant's release. *See Munchel, supra*.

For the reasons stated orally on the record and the reasons stated in this written Order, the Court finds that Defendant does not constitute a danger to the community or to any person in the community if released on bond and stringent conditions. Furthermore, the Court finds the stringent combination of conditions of release that it has ordered will reasonably assure the safety of any person and the community.

## VI. Conclusion

Based on the dictates of the Bail Reform Act and applicable case law, and based on the

11

record before this Court, it is clear that pretrial detention of Defendant Dolan is unsupported by the facts and the law. The undersigned finds that there are conditions of release that will reasonably assure the safety of the community and Defendant's appearance at trial. *See U.S. v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985) (affirming court's decision to release on bond a defendant charged with a violation of the RICO Act); *U.S. v. Capolongo,* 16-cr-8284, 2016 WL 4272371 (S.D. Fla. Aug. 10, 2016) (denying the Government's request for pretrial detention in removal case), *aff'd*, *U.S. v. Capolongo*, 16-cr-522-28, DE 174 (S.D.N.Y Aug. 12, 2016). For the foregoing reasons, and for those stated on the record in open Court, it is hereby **ORDERED** that the Government's *ore tenus* motion for Pretrial Detention is **DENIED**; and it is

**FURTHER ORDERED** that Defendant shall be released upon a $100,000 personal surety bond co-signed by Defendant's wife and adult daughter. The bond shall carry all the standard conditions of release and also include the following special conditions: (1) Defendant cannot obtain or apply for a new passport or travel documents, as he already surrendered his passport to the U.S. Probation Officer in Court; (2) Defendant must report to Pretrial Services as directed; (3) Defendant will have no contact whatsoever with any victims, witnesses, Oath Keepers, or anyone who participated or was involved in the attack on the U.S. Capitol on January 6, 2021; (4) Defendant shall not possess any firearms, and there can be no firearms in his home; (5) Defendant will be on Home Incarceration with GPS Location Monitoring 24 hours a day (paid for by Defendant) with allowances for approved or emergency medical needs; (6) Defendant will be under the supervision of the U.S. Probation Office's Special Offender Unit (SPU) which provides very close supervision of a released defendant; (7) Defendant shall not possess encryption software on any computers/phones/devices, and U.S. Probation is permitted to search Defendant's devices for such software; (8) Defendant shall actively seek full-time employment and any employment

shall be approved by Pretrial Services or the Court; and (9) Defendant will be restricted to traveling solely within the Southern District of Florida, and to the District of Columbia for court proceedings but only when approved by U.S. Probation or the Court; and it is

**FURTHER ORDERED** that this Order is stayed until 4:00 p.m. on Thursday, June 10, 2021, to allow the Government an opportunity to perfect an appeal to the Honorable U.S. District Judge Amit P. Mehta, in the U.S. District Court for the District of Columbia, who is presiding over the pending Indictment in that District. Defendant shall remain in custody until that date or until further Order of the Court.

**DONE and ORDERED** in open court at West Palm Beach, Palm Beach County, in the Southern District of Florida, on the 3rd day of June, 2021, and signed this 6th day of June, 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge